**Richard Burrington, Administrator of the Estate of Norman Burrington v. Ashland Oil Company, Inc.**

[356 A.2d 506]

No. 121-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

212

*Leighton Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Daley, J.** This is a wrongful death action brought by an administrator duly appointed by the Probate Court for the District of Washington, State of Vermont. It is brought to recover pecuniary damages for the benefit of the widow and next of kin of Norman Burrington who died as a result of an

automobile accident on June 27, 1972, upon a public highway in the State of Maine. The deceased was a passenger in a vehicle operated by a Vermont resident which collided with a vehicle operated by a Maine resident. The defendant, Ashland Oil Company, Inc., is a corporation authorized to transact business in the State of Vermont. Its principal office is in Ashland, Kentucky.

Prior to the date of the accident, the defendant had entered into a contract with the State of Maine to reconstruct and pave the highway in question. In his complaint the plaintiff alleged that the defendant was negligent in its duties owed to the deceased in connection with its performance of the contract and that the deceased's death occurred as a result of such negligence.

The complaint was met with a motion to dismiss on the ground that inasmuch as the cause of action arose in Maine, the Vermont court lacked jurisdiction. In addition, the defendant moved for dismissal, arguing the doctrine of forum non conveniens. It was upon this latter ground that the Vermont superior court granted the motion, dismissing the action upon the condition that the defendant not invoke the statute of limitations in Maine if the plaintiff elected to bring suit in that state within a stated period of time. The effect of the court's judgment of dismissal is to require the plaintiff to commence a new action in another jurisdiction, and we regard it as final for the purposes of this review.

The basis for the trial court's judgment of dismissal can be summarized as follows: The action upon which suit was brought arose under Maine law, where the accident occurred. The plaintiff is a non-resident of Vermont. The defendant has a reasonable basis for a third party claim against another company, Bridge Construction Company, but cannot do so if the Vermont court takes jurisdiction.

Essentially, two questions are presented to this Court for review: (1) Does the lower court have jurisdiction over a cause of action arising outside of Vermont, where both the plaintiff-administrator and defendant corporation are non-residents of Vermont and the defendant is registered to do business in Vermont?; and (2) Does the lower court's dismissal, based upon the doctrine of forum non conveniens, consti-

tute an abuse of discretion? Both questions are answered in the affirmative.

■■ The defendant claims that the accrual of the cause of action in Maine and the non-residency of the parties deprive the Vermont courts of jurisdiction over the subject matter. We disagree. These factors are minimal and carry little weight. Indeed, our courts have in the past entertained actions such as this one where both parties were non-residents and the tort occurred not only in another state, but in another country. See *Morrisette* v. *Canadian Pacific Ry.*, 76 Vt. 267, 56 A. 1102 (1904). It is true that the controlling law is fixed by the lex loci delicti, but the defendant has not demonstrated that the ascertainment of Maine law and its application in Vermont courts present any difficulty. In fact, both Vermont and Maine have adopted comparative negligence rules. Similarly, these factors fail to justify a dismissal on the ground of forum non conveniens.

Although it is true that the named plaintiff is a Massachusetts resident, he brought this action in Vermont as an administrator, as an agent for those who may take by the terms of that statute. *Brown* v. *Perry,* 104 Vt. 66, 70, 156 A. 910 (1931). The deceased left surviving a wife and children who reside in Barre, Vermont. They are the real parties in interest, for it is they who will benefit from any recovery in this action. 14 V.S.A. § 1492(c). The estate, as such, has no interest in the proceedings.

Although in other circumstances an administrator's residence may be a factor governing venue, where the equitable doctrine of forum non conveniens is sought to be applied we must look beneath the surface and endeavor to protect the rights of those real parties in interest for whose benefit the suit has been brought. In this case it is indeed in the interest of the surviving wife and children that the action be brought in their state, and the fact that the plaintiff-administrator does not reside in the forum state is not, in our opinion, an overriding concern.

A most compelling factor in favor of retention of jurisdiction is that, unlike proceedings in the federal courts, the cause is not transferred to another court for trial. The effect of a dismissal is to require the plaintiff to bring a new action in

another state jurisdiction. To require the wife and young children, for whose benefit this action has been brought, to submit to further delay and uncertainty in their quest for compensation, and the consequent burden and expense of being forced to litigate anew several years after the cause of action arose, weigh heavily against the defendant.

Finally, the defendant places great weight on the fact that if the action is brought in Maine a third party action is available against Bridge Construction Company, whereas, if brought in Vermont the third party action is not available. In our opinion, however, this factor—even when combined with the others discussed herein—is insufficient to balance the scale of convenience in the defendant's favor. The plaintiff has a right to choose which of two possible tortfeasors he wishes to sue. It is his general right to select the forum within the limitations of our rules. An action under a statute allowing recovery for wrongful death is transitory and may be maintained wherever the wrongdoer may be found, *Brown* v. *Perry, supra,* and the inability of the defendant to bring in a third party is not sufficient to overcome that right. See *States Marine Lines* v. *Domingo,* 269 A.2d 223 (Del. 1970).

The defendant's arguments are practical; its motives presumably are well intentioned; and its inconvenience, in the event the action is tried in Vermont, is apparent. But more than this is necessary to justify the dismissal of an action on the ground of forum non conveniens. Specifically, the dismissal should be granted only "in the rare case in which the combination of factors to be considered tips the scales overwhelmingly in favor of the defendant." *Id.* at 225. The mere showing of inconvenience on the part of the defendant is not enough. It must also be established that the dismissal will cause no serious inconvenience to the plaintiff. *Amercoat Corp.* v. *Reagent Chemical & Research, Inc.,* 108 N.J. Super. 331, 261 A.2d 380 (1970). As was stated by Mr. Justice Reed in *Koster* v. *Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 533, 535, 67 S.Ct. 828, 837, 91 L.Ed. 1067 (1947) (dissenting opinion), "It is the defendant's burden to convince the court that the forum is both inconvenient to it and not convenient to the plaintiff." See

also *Dietrich* v. *Texas National Petroleum Co.*, 193 A.2d 579 (Del. Supr. 1963).

A point to be emphasized is that the application of the doctrine of forum non conveniens is by far the exception, not the rule. It must be kept in mind that its cardinal purpose is to prevent the plaintiff from seeking to vex, harass, or oppress the defendant by inflicting upon him expenses not necessary to his own right to pursue his remedy, and the defendant here has neither shown, nor claimed, any such intention of the plaintiff. See *States Marine Lines* v. *Domingo, supra.* Its purpose is not to confer upon the defendant the absolute power to dictate and delimit the geographical areas in which he may be sued. The nature of the doctrine accounts for the infrequency of its application. In short, the plaintiff's choice of forum should rarely be upset, for, as was stated in *Second Employers' Liability Cases*, 223 U.S. 1, 58, 32 S.Ct. 169, 56 L.Ed. 327 (1912), "The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication."

Thus, it is clear that the doctrine is intended to prevent the plaintiff's abuse of those general rights given him by necessarily broad venue statutes. It is not intended to hinder him in a good faith choice of forum. Were this true, the defendant would be given an unjustifiable advantage in the "selection" of the forum, as the final determination would rest solely upon what is, or is not, convenient to him.

Here, it cannot be said that the convenience of the parties and witnesses would best be served by adjudging the issues in Maine. The nature of this action and the delay already incurred since it was commenced in November, 1973, overbalance the defendant's desire for indemnification or contribution. Under the facts and conclusions entered by the superior court, the defendant has not demonstrated that this is one of those rare cases where justice and equity require the plaintiff to commence a new action far removed from the residence of the real parties in interest. A dismissal would serve only the convenience of the defendant. It would result in the plaintiff being put to the same inconvenience to which the defendant would have been if not granted. It would deprive the plaintiff of its

chosen forum without subtracting from the total inconvenience which would be incurred by both litigants.

Significantly, the defendant has also failed to demonstrate that, even if it complies with the condition imposed by the Vermont court and waives the statute of limitations in Maine, such waiver will be accepted by the Maine courts under their rules.

For the reasons expressed in this opinion, we reverse the judgment of the lower court and remand for trial.

*Reversed and remanded.*