548 A.2d 837

**Hugh F. WILDE, Sr. t/a The Tides Motel**

v.

**Carol SWANSON, et al.**

**No. 12, Sept. Term, 1988.**

Court of Appeals of Maryland.

Oct. 25, 1988.

Jayson L. Spiegel (Joel M. Savits, Geoffrey T. Hervey, Jordan, Coyne, Savits & Lopata, on brief), Rockville, for petitioner.

John Marshall, Rockville, Cynthia Callahan, Gaithersburg, on brief, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

RODOWSKY, Judge.

We issued certiorari to the Court of Special Appeals in this case in order to review two issues relating to venue. The first is whether the dismissal from an action of one of multiple defendants, based on lack of venue, can be certified under Md. Rule 2–602 as a final judgment immediately appealable by the plaintiff. The second involves the inter-

pretation and interrelation of certain of the venue provisions of Md.Code (1974, 1984 Repl.Vol.), §§ 6–201 through 6–203 of the Courts and Judicial Proceedings Article (CJ). We shall hold that there is an appealable judgment and that CJ § 6–202 presents optional venues, alternative to those provided by § 6–201. Our conclusions agree with those of the Court of Special Appeals. *Swanson v. Wilde*, 74 Md. App. 57, 536 A.2d 694 (1988).

Petitioner, one of the defendants below, Hugh F. Wilde, Sr. (Wilde), owns and operates the Tides Motel in Ocean City, Worcester County, Maryland. The complaint in this case alleges that in the early morning of June 16, 1986, James Brunzell (James), then a guest at the Tides Motel, was assaulted and beaten on the parking lot of the motel by three persons, namely, Ralph B. Caparotti, Jr. (Caparotti), Stephen Craig Hansberger (Hansberger) and Scott Allen Daymude (Daymude). James, through his parents and guardians, Carol Swanson and David L. Brunzell, together with his parents in their own right and not as his representatives, sued the three alleged assailants and Wilde in the Circuit Court for Montgomery County. Caparotti and Daymude are residents of Montgomery County while Hansberger is a resident of Frederick County. Wilde resides and does business exclusively in Worcester County. In count VII of the complaint, James, and in count VIII, his parents, allege that Wilde negligently breached a duty to James, as a guest at the Tides Motel, to take reasonable measures to protect James. Counts IX and X rest on the theory that Wilde breached an implied warranty of safe lodging. Wilde's co-defendants are not joined in counts VII through X. The claims against them, sounding in assault and battery, in negligence, and in intentional and negligent infliction of emotional distress, are found in counts I through VI. Count XI is the parents' claim against all defendants for the loss of James's services and reasserts all liability theories alleged earlier in the complaint.

Wilde moved "to dismiss plaintiffs' Complaint" for the reasons, *inter alia*, that "Montgomery County constitutes

improper venue" and "[v]enue is proper in Worcester County, Maryland as to the remaining defendants as the cause of action arose in Worcester County, Maryland." Judge Calvin R. Sanders ordered Wilde dismissed from the case. Subsequently Judge J. James McKenna, on motion of the plaintiffs and pursuant to Rule 2–602(b), certified the judgment in favor of Wilde to be final and the plaintiffs appealed. The Court of Special Appeals denied a motion by Wilde to dismiss the appeal and reversed the circuit court on the merits, holding that Wilde was suable in Montgomery County in this action. We granted Wilde's petition for certiorari.

I

A

Wilde submits that this appeal does not lie because a dismissal on venue grounds is not a final judgment. In his brief he argues that there is no final judgment because there is no determination on the merits. With respect to the plaintiffs' claims against him, Wilde says that the venue determination is not "final in the traditional sense," *Planning Board v. Mortimer,* 310 Md. 639, 651, 530 A.2d 1237, 1243 (1987), it is not "an ultimate disposition of an individual claim," *Curtis–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1, 11 (1980), and it is not "completely dispositive of an entire claim or party," *Snowden v. Baltimore Gas & Electric Co.,* 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984). At oral argument Wilde recognizes that the dismissal of a defendant for want of jurisdiction over the person of that defendant is a final judgment, although there is no adjudication on the merits. *See, e.g., Camelback Ski Corp. v. Behning,* 307 Md. 270, 513 A.2d 874 (1986), *vacated and remanded,* 480 U.S. 901, 107 S.Ct. 1341, 94 L.Ed.2d 512 (1987), opinion on remand, 312 Md. 330, 539 A.2d 1107 (1988). He explains the inconsistency by submitting that an adjudication on the merits is not required for finality when the appealed judgment in effect holds that no court in the forum state has jurisdiction

over the person of the dismissed defendant. Thus the only opportunity for appellate review in the forum state at the behest of a plaintiff whose claim has been dismissed for lack of *in personam* jurisdiction is by appeal from the challenged ruling. Dismissals for want of venue on the other hand, Wilde argues, are susceptible of appellate review in the forum state following judgment on the merits in a new action instituted by the plaintiff in an appropriate venue of the forum state.

We do not agree. The very general definition of "final judgment" in CJ § 12–101(f) "does not attempt to specify what is an appealable final judgment or order, and leaves that determination to the case law." *Warren v. State*, 281 Md. 179, 183, 377 A.2d 1169, 1171 (1977). As early as *Boteler & Belt v. State*, 7 G. & J. 109, 112–13 (1835), this Court said:

> "[T]he well established rule [is] that no appeal can be prosecuted to this Court, until a decision has been had in the Court below, which is so far final, as to settle, and conclude the rights of the party involved in the action, *or* denying to the party the means of further prosecuting or defending the suit." [Emphasis added.]

Recently, Judge Eldridge, writing for the Court in *Houghton v. County Comm'rs of Kent County*, 307 Md. 216, 513 A.2d 291 (1986) (deciding motion for reconsideration of opinion at 305 Md. 407, 504 A.2d 1145 (1986)), summed up the cases as follows:

> "We have said on numerous occasions that 'the "accepted test in determining finality" is whether "[t]he effect of the court's ruling was to put the plaintiff out of court and deny her the means of further prosecuting her case...."' *Mooring v. Kaufman*, 297 Md. 342, 347, 466 A.2d 872 (1983) (quoting *McCormick v. St. Francis De Sales Church*, 219 Md. 422, 426–427, 149 A.2d 768 (1959)). *See, e.g., Litton Bionetics v. Glen Constr.*, 292 Md. 34, 42, 437 A.2d 208 (1981); *Smith v. Taylor*, 285 Md. 143, 146–147, 400 A.2d 1130 (1979); *Hillyard Constr. Co. v.*

*Lynch,* 256 Md. 375, 380, 260 A.2d 316 (1970); *Gittings v. State ex rel. Ockerme,* 33 Md. 458, 461 (1871)." 307 Md. at 221, 513 A.2d at 293.

Wilde's theory of finality clashes with the particular final judgment appealed in *Houghton.* The complaint in that case asserted three counts, two of which were adjudicated by orders granting a motion to dismiss for failure to state a claim. The plaintiff then voluntarily dismissed the remaining count, thereby effecting a final judgment. *Houghton,* 305 Md. 407, 504 A.2d 1145. A single voluntary dismissal is without prejudice unless otherwise specified in the notice of dismissal. Md. Rule 2–506(c). Not only was there no adjudication on the merits of one of the claims in *Houghton,* but the defendants, who were county commissioners, remained at all times available to the service of process in this State.

Wilde's theory also clashes with this Court's view of finality in administrative appeals. An order of a circuit court remanding an administrative appeal to a state or local agency for further proceedings is a final judgment without any adjudication by the circuit court on the merits. *See Department of Public Safety v. LeVan,* 288 Md. 533, 419 A.2d 1052 (1980).

Further, this Court has not made finality turn on a distinction between jurisdiction over the person and venue, as argued by Wilde. *Davidson Transfer & Storage Co. v. Christian,* 197 Md. 392, 79 A.2d 541 (1951), involved a tort action against multiple defendants filed in the Eighth Judicial Circuit. Because the venue privilege of two defendants was violated, the court quashed the writ of summons served on them and entered a judgment of non pros in their favor. The co-defendants immediately entered an appeal which this Court entertained, saying, "It is conceded that the appeal is not premature. *State, to use of Bickel v. Pennsylvania Steel Co.,* 123 Md. 212, 91 A. 136 [ (1914) ]." 197 Md. at 394, 79 A.2d at 542. In *Bickel* the appeal was taken from the dismissal of an action against a nonresident corporate defendant which had been found not to be doing business in

Maryland. Thus, *Davidson Transfer* makes no distinction for finality purposes between dismissals of a defendant for lack of venue and for lack of jurisdiction over the person.[1]

■ Dismissals based on the absence of venue have been recognized as final judgments in *Sherman v. American Federation of Musicians*, 588 F.2d 1313 (10th Cir.1978), *cert. denied*, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); *Board of County Comm'rs of Madison County v. Grice*, 438 So.2d 392 (Fla.1983); *Pasquier, Batson & Co. v. Ewing*, 367 So.2d 28 (La.App.1978), *cert. denied*, 368 So.2d 136 (La.1979); *Martel v. Inhabitants of the Town of Old Orchard Beach*, 404 A.2d 994 (Me.1979); *St. Louis–San Francisco Railway Co. v. Superior Court*, 290 P.2d 118 (Okla.1955) (dicta); and *Pittsburgh Elevator Co. v. West Va. Bd. of Regents*, 310 S.E.2d 675 (W.Va.1983). The same result has been reached where the dismissal was based on the lack of any convenient forum in the state where suit was filed. *See Nemanich v. Dollar Rent–A–Car Servs.*, 90 Ill.App.3d 484, 45 Ill.Dec. 845, 413 N.E.2d 178 (1980); *Burrington v. Ashland Oil Co.*, 134 Vt. 211, 356 A.2d 506 (1976). In Missouri a dismissal for want of venue is not a final judgment from which an appeal can be taken. *See Eschelbach v. General Motors Corp.*, 661 S.W.2d 821 (Mo. App.1983). A venue dismissal is, however, subject to review in that state by writ of prohibition in an original proceeding in the appellate court. *See Bohannon v. Adolf*, 724 S.W.2d 248 (Mo.App.1987).

Here, the Circuit Court for Montgomery County dismissed Wilde from the action and the plaintiffs were de-

---

1. At the time of the dismissal by the trial court in *Davidson Transfer*, then General Rules of Practice and Procedure Part III, Rule 6(a), the predecessor of former Rule 605 a and of present Rule 2–602, required trial court certification of a judgment "which adjudicates less than all the claims[.]" Md.Code (1939, 1947 Cum.Supp.), 2043. There is no mention of this rule in the opinion, briefs or record extract in *Davidson Transfer*. That circumstance does not affect the precedential value of *Davidson Transfer* as to the eligibility of the dismissal of one of multiple parties on venue grounds for certification as a final judgment.

prived of the means of further prosecuting their claim against him in that court. Under our cases and under what appears to be the general rule, that order of dismissal has sufficient finality to be a final judgment when certified in this multiple parties action.[2]

## B

■ Wilde nevertheless submits that, even if the dismissal on venue grounds is a final judgment as to him, it should not have been certified for immediate appeal in this multiple parties and claims action. The argument addresses the role of the circuit court judge as "dispatcher" in applying Rule 2–602. We have said that the dispatcher's "exercise of discretion is reviewable and should not be routinely exercised. A separate appeal under Rule 2–602 should be allowed 'only ... in the very infrequent harsh case.'" *Planning Bd. v. Mortimer,* 310 Md. at 648, 530 A.2d at 1242 (quoting *Diener Enterprises v. Miller,* 266 Md. 551, 556, 295 A.2d 470, 473 (1972)). Wilde submits that the venue issue could be reviewed after the action was adjudicated as to all parties and claims in Montgomery County or after a separate suit against Wilde was adjudicated in Worcester County and is not sufficiently important for a piecemeal appeal.

It was appropriate for Judge McKenna to certify under Rule 2–602 the judgment dismissing Wilde. The plaintiffs' claims against Wilde and his co-defendants arose out of the same occurrence, will involve a substantial degree of common proof with respect to liability and presumably a complete commonality of proof concerning compensatory damages. Judge Sanders's order of dismissal was entered more

---

2. Rule 2–327(b) provides that "[i]f a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought." We note that the instant case involves a dismissal of a party and not a transfer of the entire action. We intimate no opinion on the finality of orders of transfer of the entire action.

than one year after the date of the occurrence. Under CJ § 5–105 claims for assault or battery are subject to a one year statute of limitations. Absent a waiver of limitations by the co-defendants, the plaintiffs could not have voluntarily dismissed the co-defendants in Montgomery County and reinstituted the action against all of the original defendants in Worcester County. Thus, the venue ruling split one action into two actions. If erroneous, the ruling unnecessarily multiplied the time, effort, and expense for the plaintiffs in asserting all of their claims and needlessly created collateral estoppel complexities.

## II

■ Wilde's position that there is no venue as to him in Montgomery County is bottomed on his interpretation of CJ §§ 6–201 and 6–202. Section 6–201 reads:

"(a) *Civil actions.*—Subject to the provisions of §§ 6–202 and 6–203 and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, a corporation also may be sued where it maintains its principal offices in the State.

(b) *Multiple defendants.*—If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a), all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose."

Section 6–202 in part provides:

"In addition to the venue provided in §§ 6–201 or 6–203, the following actions may be brought in the indicated county:

. . . .

(8) Tort action based on negligence—Where the cause of action arose[.]" [3]

---

3. In its entirety § 6–202 reads:

Section 6–203, "Exceptions to general rule," provides in subsection (a) that "[t]he general rule of § 6–201 does not apply to actions enumerated in [§ 6–203]." Subsections (b) through (e) of § 6–203 set forth venue provisions applicable to certain actions involving interests in land, injury to livestock by a railroad company, and adoption.[4]

---

"In addition to the venue provided in §§ 6–201 or 6–203, the following actions may be brought in the indicated county:

(1) Divorce—Where the plaintiff resides;

(2) Annulment—Where the plaintiff resides or where the marriage ceremony was performed;

(3) Action against a corporation which has no principal place of business in the State—Where the plaintiff resides;

(4) Replevin or detinue—Where the property sought to be recovered is located;

(5) Action relating to custody, guardianship, maintenance, or support of a child—Where the father, putative father, or mother of the child resides, or where the child resides;

(6) Suit on a bond against a corporate surety—Where the bond is filed, or where the contract is to be performed;

(7) Ejectment—Where a portion of the land upon which the action is based is located;

(8) Tort action based on negligence—Where the cause of action arose;

(9) Attachment on original process—Where the property is located or where the garnishee resides;

(10) Nondelivery or injury of goods against master or captain of a vessel—Where the goods are received on board the vessel or where delivery is to be made under the contract;

(11) Action for damages against a nonresident individual—Any county in the State;

(12) Action against a person who absconds from a county or leaves the State before the statute of limitations has run—Where the defendant is found;

(13) In a local action in which the defendant cannot be found in the county where the subject matter of the action is located—In any county in which the venue is proper under § 6–201."

**4.** In its entirety § 6–203 reads:

"(a) *In general*—The general rule of § 6–201 does not apply to actions enumerated in this section.

(b) *Interest in land.*—The venue of the following actions is in the county where all or any portion of the subject matter of the action is located:

(1) Partition of real estate;

(2) Enforcement of a charge or lien on land;

(3) Eminent domain;

(4) Trespass to land;

The Court of Special Appeals held that venue in Montgomery County as to all defendants was permitted under § 6–201(b).

In essence Wilde's argument is that § 6–202(8) controls. He reaches that conclusion by interpreting the introductory phrase of § 6–201(a), "[s]ubject to the provisions of §§ 6–202 and 6–203", to incorporate both of those sections into § 6–201(a) and to make the general provisions of § 6–201 inferior to §§ 6–202 and 6–203.

There are three steps to the argument. First, because § 6–201(a) is "[s]ubject to §§ 6–202 and 6–203" one must first search the latter two sections for a provision which would confer venue. If one is found, that provision takes priority over any venue permitted under the more general provisions of § 6–201(a). Second, "[s]ubject to" incorporates into § 6–201(a) all of the provisions of §§ 6–202 and 6–203. Wilde applies this assumption to the multiple defendants general venue provision in § 6–201(b) which may only be used "[i]f there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a)...." Because all of § 6–202 is incorporated into § 6–201(a), there is said to be a single venue applicable

---

(5) Waste.

(c) *Property in more than one county.*—If the property lies in more than one county, the court in which proceedings are first brought has jurisdiction over the entire property.

(d) *Injury to livestock by railroad.*—The venue of an action to recover damages against a railroad company for injury to livestock is the county where the injury occurred.

(e) *Adoption.*—The venue for a proceeding for adoption of a person who is physically within the State or subject to the jurisdiction of an equity court is in a county in which:

(1) The petitioner is domiciled;

(2) The petitioner has resided for at least 90 days next preceding the filing of the petition;

(3) A licensed child placement agency having legal or physical custody of the person to be adopted is located;

(4) The person to be adopted is domiciled, if he is related to the petitioner by blood or marriage or is an adult; or

(5) An equity court has continuing jurisdiction over the custody of the person to be adopted."

to all defendants under § 6–202(8), namely, Worcester County where the cause of action based on negligence arose. Consequently § 6–201(b) cannot be applied. Third, Wilde assumes that the negligence alleged against him provides a common venue as to all defendants sued under this complaint which alleges torts other than torts based on negligence. Because we conclude that the first two assumptions are incorrect, we do not reach the third assumption.

Citing *Black's Law Dictionary* 1278 (5th ed. 1979), Wilde says that "[t]he commonly understood meaning of the phrase 'subject to' is 'subordinate,' 'inferior to' or 'governed or affected by.' " As we see it the venue rules of § 6–201 are affected by the rules in the sections which follow. "Subject to" in § 6–201, the first section of the venue subtitle of CJ Title 6, alerts the reader to the presence of the two immediately succeeding sections bearing on venue problems. The subtitle is organized first to present to the reader the general rules applicable to single and multiple defendant civil actions, followed by rules dealing with particular types of civil actions. Had the intention underlying "[s]ubject to" been to make the operation of § 6–201 dependent on the inapplicability of any of the provisions of §§ 6–202 or 6–203, the meaning of "[s]ubject to" would be conditional. That intent would more directly be expressed by using "if," *e.g.*, "[i]f venue of the action is not provided in §§ 6–202 or 6–203 . . . ." *See* Governor's Commission to Revise the Annotated Code of Maryland (the Commission), Revisor's Manual, 44 (1973) ("Conditions should be established by using 'if' instead of 'when' or 'where'.").

Further, § 6–203(a) demonstrates how the General Assembly expresses the intent that a particular venue provision will control over the general rules of § 6–201. Section 6–203(a) plainly states that "[t]he general rule of § 6–201 does not apply to actions enumerated in [§ 6–203]." Section 6–203(a) is unnecessary if "subject to" in § 6–201(a) had already achieved that effect. Under Wilde's argument, § 6–202 likewise governs over § 6–201 in the sense that, if

any provision of § 6–202 applies, then § 6–201 cannot operate. The introduction to § 6–202, however, undercuts that interpretation. The introduction reads: "In addition to the venue provided by §§ 6–201 or 6–203, the following actions may be brought in the indicated county[.]" Under Wilde's interpretation § 6–202 could never be "[i]n addition to" § 6–201 because § 6–202 would be primary. It is § 6–201 which would be "in addition to" § 6–202 if no provision of the latter applied to the action under consideration.

In any event the legislative history of these sections makes it clear that § 6–202 presents certain options to a plaintiff for alternative venues to those available under § 6–201. Neither section enjoys a priority over the other. Wilde, quoting from opinions of this Court rendered prior to *Kaczorowski v. City of Baltimore*, 309 Md. 505, 525 A.2d 628 (1987), asserts that resort to statutory history is improper in this case because the statutes are unambiguous. We do not agree that "subject to" has a single, well-defined meaning. *See Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 9, 514 P.2d 1003, 1005 (1973); 83 C.J.S. Subject at 555 (1953). Even if the phrase, "subject to," carried a definite meaning, we would not be precluded from consulting legislative history as part of the process of determining the legislative purpose or goal of these statutes. *See Kaczorowski*, 309 Md. at 514–15, 525 A.2d at 632–33.

Judge Wilner fully and with clarity set forth the history of §§ 6–201 and 6–202 for the Court of Special Appeals in this case. 74 Md.App. 57, 61–65, 536 A.2d 694, 696–97 (1988). We need reiterate only the highlights. The subject sections are the 1974 product of the code revision process. The most pertinent of predecessor venue statutes was Md. Code (1957, 1969 Repl.Vol.), Art. 75, § 75 which in part read as follows:

> "(a) No person shall be sued out of the county in which he resides ... provided further, that any person who resides in one county, but carries on any regular business, or habitually engages in any vocation or employment in another county, may be sued in either county ...

(b) In any action ex delicto in which all the defendants are not residents of, nor carrying on regular business in, or habitually engaged in any vocation or employment in one county, the plaintiff may, at his election, sue all said defendants in the county where the cause of action arose or sue all of the said defendants in the county where any one of the defendants resides, carries on a regular business, or is habitually engaged in any vocation or employment. ...

(c) In any action ex delicto based upon negligence, the plaintiff *at his election* may sue the defendant or defendants in the county where the cause of action arose. [Emphasis added.]"

Former § 75(a) may be compared to CJ § 6–201(a). Former § 75(b) may be compared to CJ § 6–201(b) and former § 75(c) may be compared to CJ § 6–202(8). The precursor of § 6–202(8) expressly could be used at the election of the plaintiff. There was no mandate that it be used before resort could be had to other applicable venues in an action ex delicto based on negligence.

In Report No. 3F to the General Assembly of July 16, 1973, the Commission described its proposed venue subtitle, saying in part:

"Venue is treated pragmatically with § 6–201 stating the general rule that a defendant should, when possible, be tried in a county which is convenient for him—*i.e.*, where he lives or works. If present law allows an alternative venue as it does in certain cases, the additional venue is set out in § 6–202. It should be noted that a plaintiff may choose a venue from either section, and that § 6–201 is not controlling if an alternative venue is provided. Some of the actions covered in § 6–201 and § 6–202 are transitory and some are local.

"Section 6–203 contains venues for actions to which the general rule does not apply. While some of these are local actions, most are transitory but are statutory exceptions to the general rule. If an action is listed in § 6–203, that section controls the venue, unless § 6–202 provides

an additional venue. If an alternative venue is provided, the plaintiff may elect either one."

*Id.* at 47–48. Finally, of no little persuasive effect is the fact that Judge Adkins of this Court, who was Revisor of Statutes and Director of the Commission while the Courts and Judicial Proceedings Article was prepared, wrote in 1974 that § 6–202 "is intended to permit the plaintiff to choose either a venue permitted by section 6–201 or one permitted by section 6–202. That is, the sections are cumulative and not mutually exclusive." Adkins, *Code Revision in Maryland: The Courts and Judicial Proceedings Article,* 34 Md.L.Rev. 7, 36 (1974) (footnote omitted).

Consequently, the plaintiffs properly exercised their option under § 6–201(b) to sue in Montgomery County where two of the defendants resided.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER, HUGH F. WILDE, SR.