Vermont Superior Court
Filed 01/07/25

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01369

---

Jean Courcy v. Travelers Insurance Company

---

### Opinion and Order on Motion to Dismiss

Defendant has moved to dismiss based on improper venue, Vt. R. Civ. P. 12(b)(3) and forum non-conveniens grounds. Plaintiff opposes the motion. The Court makes the following determinations.

1.      Improper Forum

There is no dispute that neither party is a resident of Vermont: Plaintiff is a New York resident and Defendant is a corporation with a principal place of business in New York. Under such circumstances, Vermont's venue statute allows Plaintiff to choose the county in which to bring the action. 12 V.S.A. § 402. He has chosen Washington County. Venue is proper.

2.      Forum Non-Conveniens

Defendant maintains that, even if venue is well founded, the Court should dismiss on the grounds of forum non-conveniens. In addition to the residency factors noted above, Defendant points out that New York law will apply to the insurance coverage issues in this case, that Vermont's only tie to the matter is that the underlying motor vehicle accident took place here, that all or nearly all of Plaintiff's medical treatment was performed in New York or New Hampshire, that concerns remain as to jurisdiction, and that Plaintiff should not be allowed to burden this Court with an action that could be more effectively prosecuted elsewhere. Plaintiff asserts that he has the right to choose the venue, that there is evidence relating to the accident that will come from Vermont sources, that this Court can apply New York law, and that he prefers to litigate the matter in this County.

While there is general force to Defendant's arguments, they run smack into prior Vermont precedent. In *Burrington v. Ashland Oil Co., Inc.*, 134 Vt. 211 (1976), our Supreme Court made clear that a motion to dismiss due to forum non-

1

conveniens should be granted "only in [a] rare case;" and it is defendant's burden to show "overwhelmingly" both that the forum is inconvenient for it and for the plaintiff. *Id*. at 215 (internal quotation omitted). The Court further explained:

> A point to be emphasized is that the application of the doctrine of forum non conveniens is by far the exception, not the rule. It must be kept in mind that its cardinal purpose is to prevent the plaintiff from seeking to vex, harass, or oppress the defendant by inflicting upon him expenses not necessary to his own right to pursue his remedy…. Its purpose is not to confer upon the defendant the absolute power to dictate and delimit the geographical areas in which he may be sued. The nature of the doctrine accounts for the infrequency of its application. In short, the plaintiff's choice of forum should rarely be upset, for, as was stated in *Second Employers' Liability Cases*, 223 U.S. 1, 58, 32 S.Ct. 169, 178, 56 L.Ed. 327 (1912), "The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication."

134 Vt. at 216.

Defendant has pointed to nothing to suggest that this forum was chosen for improper purposes. Plaintiff has, at least, proffered that some evidence may exist here and plainly maintains that this is his preferred venue. Plaintiff's choice has weight. Nor can the Court speculate as to potential jurisdictional defects that may lurk in this matter. A motion to dismiss on forum non-conveniens grounds assumes jurisdiction exists. Further, although the Court does not often pass on issues of New York law, it is confident that counsel will flesh out any disputed points in sufficient clarity for the Court to make a proper determination of foreign law, if it is required to do so. Lastly, while the Court appreciates the Defendant's concern over its heavy caseload, it cannot and would not reject Plaintiff's chosen venue on such a basis.

In sum, Defendant has failed to make the strong showing needed to dismiss this action based on the ground of forum non-conveniens.

Electronically signed on Tuesday, December 24, 2024, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge

2