701 A.2d 426

**Sheldon H. LERMAN**

v.

**Kerry R. HEEMAN.**

**No. 3, Sept. Term, 1997.**

Court of Appeals of Maryland.

Oct. 17, 1997.

440

Mark D. Gately (J. Mark Coulson, Miles & Stockbridge, on brief), Baltimore, for Petitioner.

Catherine W. Steiner (William B. Whiteford, Whiteford, Taylor & Preston, L.L.P., on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT A. KARWACKI, J. (retired), Specially Assigned.

RAKER, Judge.

The questions presented are whether a joint tortfeasor, who has filed a Motion for Judgment of Contribution or Recovery Over pursuant to Maryland Rule 2–614, must have filed a cross-claim in the underlying tort suit, and whether that Motion for Contribution, when arising out of a medical malpractice action, is subject to mandatory arbitration under the Health Care Malpractice Claims Act. We shall hold that a joint-tortfeasor need not file a cross-claim prior to filing a

Motion for Contribution, and that a Motion for Contribution, the decision of which does not require any further resolution of any negligence claims is not subject to mandatory arbitration.

## I.

In November of 1992, the Estate of Tiffany L. Troch, et. al. ("claimants") filed a medical malpractice action with the Health Claims Arbitration Office against Petitioner, Sheldon H. Lerman, M.D., his Professional Association (as employer), Respondent, Kerry R. Heeman, M.D., Osler Drive Emergency Physicians Associates (Respondent's employer), and St. Joseph's Hospital. Defendants filed no cross-claims. The arbitration panel returned an award in favor of the claimants and against all the defendants, after which all parties filed a Notice of Rejection with the Health Claims Arbitration Office. Claimants then re-filed their action in the Circuit Court for Baltimore County. Once again, defendants filed no cross-claims.

In September of 1994, a jury returned a verdict against Drs. Lerman and Heeman (and their employers) in the amount of $3,354,808.55. Subsequently, Respondent Heeman's insurer paid $2,354,808.55 and Petitioner Lerman's insurer paid $1,000,000, and each, through their insurers, paid half of the interest due on the judgment, in full satisfaction of the judgment.

In July, 1995, pursuant to Maryland Rule 2–614, Heeman filed a Motion for Judgment of Contribution or Recovery Over with the trial court requesting contribution from Lerman in the amount of $677,404.28, the amount by which his payment to the claimants exceeded Dr. Lerman's payment. Dr. Lerman, in turn, filed an Opposition to the Motion. Lerman's Opposition raised two arguments: (1) that the court had no authority to enter a judgment for contribution because Dr. Heeman had never filed a cross-claim against Dr. Lerman and, (2) the court had no jurisdiction to entertain Dr. Heeman's claim for contribution because the contribution claim

had not been submitted to arbitration. The trial court granted Heeman's motion and entered judgment in the amount of $677,404.28. Lerman noted an appeal to the Court of Special Appeals, raising the same issues he raised below. The Court of Special Appeals affirmed the judgment of the circuit court. *Lerman v. Heemann,* 112 Md.App. 320, 323, 685 A.2d 782, 784 (1996). We granted Lerman's petition for certiorari.

## II.

We review the trial court's judgment to determine if the court erred in granting Respondent's Motion for Contribution. Petitioner argues that a court can grant a motion for contribution only if the movant has a right to contribution, and that a right to contribution can be acquired only if it was previously asserted in a cross-claim. We disagree. Respondent's right to contribution is derived from Maryland's adoption of the Uniform Contribution Among Tortfeasors Act ("UCATA"), and is governed by Maryland Rule 2–614. Neither requires a previous assertion of the right to contribution.

To interpret rules of procedure and statutes we use the same canons and principles of construction, beginning our analysis by looking at the plain language—looking to the words of the rule and giving them their ordinary and natural meaning; if the words of the rule are clear and unambiguous, our analysis ordinarily ends. *Long v. State,* 343 Md. 662, 667, 684 A.2d 445, 447 (1996); *In re Victor* B., 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994); *New Jersey v. Strazzella,* 331 Md. 270, 274, 627 A.2d 1055, 1057 (1993); *Beales v. State,* 329 Md. 263, 271, 619 A.2d 105, 109 (1993). When the language is ambiguous, we may look to the intent behind the statute or rule, but "our mission is to give the rule a reasonable interpretation in tune with logic and common sense." *In re Victor B.* 336 Md. at 94, 646 A.2d at 1016. *See also Strazzella,* 331 Md. at 275, 627 A.2d at 1057; *Long,* 343 Md. at 667, 684 A.2d at 448.

Maryland's earliest version of the UCATA, codified at Article 50 §§ 21–29, stated:

A pleader may either (a) state as a cross-claim against a co-party any claim that the co-party is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant; or (b) move for judgment for contribution against any other joint judgment debtor, where in a single action a judgment has been entered against joint tortfeasors one of whom has discharged the judgment by payment or has paid more than his pro rata share thereof. If relief can be provided in this sub-section no independent action shall be maintained to enforce the claim for contribution.

1941 Maryland Laws ch. 344, § 27(c), at 549. The 1941 version of the UCATA envisioned motions for contribution as an alternative to cross-claims, an alternative which obviates the need to clutter the judicial process with cross-claims. The 1941 UCATA did not require co-defendants to file cross-claims in the underlying suit prior to moving for contribution. Subsequent statutory revisions to the UCATA and the incorporation of the mechanism for recovery of a right of contribution into the procedural rules do not appear to alter this original intent.

The modern UCATA is codified at Maryland Code (1957, 1994 Repl.Vol., 1997 Supp.) Article 50 §§ 16–24,[1] and the mechanism for enforcing a joint tortfeasor's right to contribution has been codified in Maryland Rule 2–614. Article 50 § 16 defines joint-tortfeasors:

> (a) "Joint tort-feasors" means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

Article 50 § 17 defines a right of contribution:

> (a) *Right exists.*—The right of contribution exists among joint tort-feasors.

---

1. Unless otherwise specified, all statutory citations herein are to Maryland Code (1957, 1994 Repl.Vol., 1997 Supp.) Article 50.

(b) *Discharge of liability or payment of share.*—A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his *pro rata* share thereof.

Moreover, Rule 2–614 (previously Rule 605d),[2] states that:

> If in a single action a judgment is entered jointly against more than one defendant, the court upon motion may enter an appropriate judgment for one of the defendants against another defendant if (a) the moving defendant has discharged the judgment by payment or has paid more than a *pro rata* share of the judgment and (b) the moving defendant has a right to contribution or to recovery over from the other defendant.

Niemeyer and Schuett's commentary on this rule explains that this rule is a rule of convenience to permit a co-defendant, Defendant A, to obtain judgment against another co-defendant, Defendant B, who has paid less than his *pro rata* share of the damages. *See* Paul V. Niemeyer & Linda M. Schuett, MARYLAND RULES COMMENTARY 475 (2d ed. 1992) ("Although initiation of a separate action by defendant A against defendant B is an alternative method of proceeding, defendant A may avoid a separate lawsuit by filing a motion for judgment in the original action.").

In this case, Respondent has met both requirements for the application of Rule 2–614. Rule 2–614 requires a joint tortfeasor to discharge the judgment or to provide more than a *pro rata share* of the judgment. Furthermore, it requires that the tortfeasor have a right to contribution, i.e., to be a

---

2. Rule 605 dealt with "Multiple Claims—Judgment Upon ... Gen'l." Rule 605(d), "Recovery Over," stated that:

> Where in a single action a joint judgment has been entered against more than one defendant, and one of such defendants has discharged the judgment by payment or has paid more than his *pro rata* share thereof, then in any case where a right of contribution exists, an appropriate judgment against any other defendant may be entered, after 15 days' notice, upon motion by the defendant and proof of payment.

Rules Committee notes show it was passed without comment.

joint tortfeasor as defined by Article 50 § 17.  *Montgomery County v. Valk,* 317 Md. 185, 191, 562 A.2d 1246, 1249 (1989). In finding both Lerman and Heeman to have breached the standard of care, and to have been proximate causes of death, the jury verdict pronounced Lerman and Heeman to be "joint tortfeasors" as defined by the UCATA.  In addition, both parties have stipulated that Respondent has paid more than his *pro rata* share of the judgment.  No rule or statute imposes the additional requirement that a co-defendant "assert" that right in the original trial by filing a cross-claim, and there is no foundation for the belief that any such prerequisite was intended.[3]  The only relevant limitations governing Article 50 motions for contribution are those already discussed in Rule 2–614.[4]  In summation, we agree with the well reasoned opinion of the Court of Special Appeals.  Judge Salmon, writing for the court, concluded that:

> [Dr. Lerman] posits that Dr. Heeman did not acquire such a right because he failed to file a cross-claim for contribution. We reject this view and hold that no cross-claim is necessary.  Dr. Heeman's right to contribution is derived from section 17(a) of the Uniform Act. Maryland Rule 2–614 provides the mechanism under which the rights granted by the Uniform Act are enforced.  Dr. Heeman proved both prerequisites for the application of Rule 2–614.

*Lerman v. Heemann,* 112 Md.App. at 324–25, 685 A.2d at 785.

Arguing that an unasserted right is a non-existent right, Petitioner believes that Respondent's failure to assert his

---

**3.** The Court of Special Appeals has also concluded that there is no such requirement.  *See, Baltimore County v. Stitzel,* 26 Md.App. 175, 187, 337 A.2d 721, cert. denied, 275 Md. 745 (1975) (stating, in dicta, that if one defendant pays more than his *pro rata* share, he becomes entitled to judgment for such sum notwithstanding the fact that defendant has filed no cross-claim in the original proceedings); *Murphy v. Bd. of County Comm'rs,* 13 Md.App. 497, 508, 284 A.2d 261, 268 (1971) (stating that "those defendants who are held liable to the plaintiff are also liable to each other in contribution, with or without a cross claim").

**4.** Rule 2–311, which delineates the procedures surrounding motions in general, also governs Article 50 motions.  Paul V. Niemeyer & Linda M. Schuett, MARYLAND RULES COMMENTARY 475 (2d ed.1992).

right to contribution, by means of a cross-claim, extinguishes the right to contribution. This argument ignores the fact that Respondent asserted his right to contribution in his Motion for Contribution. Petitioner would make it appear as if motions before a trial court are automated processes in which movants are always successful. This is not so. Respondent's post-judgment motion was raised at the trial level where Petitioner could have responded with an indemnity defense, or any other defense, in his answer to the motion. *See* Maryland Rule 2–311(b). Further, Rule 2–311(f) specifically allows a party desiring a hearing on a motion to request one, and, as a decision on Appellee's Motion for Contribution would be dispositive of a claim, the court would have been required to hold a hearing, had one been requested. There is no reason to believe that the trial court would have refused to hear Petitioner's potential indemnity claim had he chosen to raise it. Furthermore, since the Petitioner could have brought his indemnity claim at the trial level, he does not suffer any prejudice.

Resolving indemnity and other legal arguments within the hearing on a motion for contribution allows Rule 2–614 to function in a meaningful way as an alternative to cross-claims. It does not violate Article 50 § 21, which specifically provides that the UCATA "does not impair any right of indemnity under existing law." Indemnity is a defense which can be asserted and evaluated just as effectively within a hearing granted pursuant to a Motion for Contribution as within the underlying suit.

Petitioner argues, in the alternative, that a motion for contribution is a *de facto* crossclaim, and that it should be treated as a cross-claim. Petitioner argues, therefore, that Maryland Rule 2–331, requiring a cross-claim to be filed within thirty days of the party's answer or generally be stricken, should prevent Respondent's current motion. As discussed above, the adoption of the UCATA created the *alternative* of a motion for contribution and carved out a legal sphere that is not ruled by the requirements of cross-claims.

The UCATA envisioned a limited method of recovering a money judgment, in specific circumstances, through a motion. As such, the procedural requirements pertaining to motions govern motions for contribution, but those requirements surrounding cross-claims do not.

## III.

Petitioner further argues that Respondent's motion is a *de facto* cross-claim and therefore subject to mandatory arbitration under the Health Care Malpractice Claims Act. We disagree.

■ Section 3–2A–02 of the Courts and Judicial Proceedings Article mandates arbitration of:

> [a]ll claims, suits and actions, including cross-claims, third party claims, and actions under Subtitle 9 of this title, by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than the limit of the concurrent jurisdiction of the District Court are sought are subject to and shall be governed by the provisions of this subtitle.

Md.Code (1973, 1995 Repl.Vol., 1997 Supp.) § 3–2A–02 (a) of the Courts and Judicial Proceedings Article. The term "claim" as used in § 3–2A–02(a) should be interpreted broadly to mean a " 'group or aggregate of operative facts giving ground or occasion for judicial action', as distinguished from the narrow concept of a 'cause of action.' " *Group Health Ass'n v. Blumenthal*, 295 Md. 104, 112, 453 A.2d 1198, 1203–04 (citing 3 Moore, *Federal Practice* (2d Ed.1968) § 14.07 at 509). It is intended to cover "all actions arising out of the rendering of or failure to render professional services by a health care provider." *Id.* at 113, 453 A.2d at 1204.

■ Petitioner relies upon our decision in *Adler v. Hyman*, 334 Md. 568, 640 A.2d 1100 (1994), to argue that a claim for contribution must go through health care claims arbitration before it can be heard by the circuit court. In *Adler*, however, we held that a claim for contribution *could* be subject to arbitration, not that it must be arbitrated. In that case, Dr.

Adler's insurance company brought suit against Dr. Hyman for contribution on the theory that he was a joint tortfeasor. We concluded that "[h]ere, National Union's claim for contribution cannot be sustained independently of proof of negligence on the part of a health care provider, Dr. Hyman. That negligence claim must be resolved first in arbitration." *Adler v. Hyman*, 334 Md. at 574, 640 A.2d at 1103. In this case, the malpractice issue, i.e. the proof of negligence, has already been resolved and has passed through arbitration. The intent behind creating mandatory arbitration is to "screen malpractice suits," to reveal unmeritorious claims, and to lower the cost of malpractice insurance. *Blumenthal,* 295 Md. at 113–14, 453 A.2d at 1204 (citing *Medical Malpractice Insurance Study Committee Report to the President of the Senate and the Speaker of the House* 3 (July 23, 1975)). Whereas in circumstances such as this, in cases of post-judgment motions for contribution, the parties have already arbitrated (or waived arbitration of) the issue of joint negligence, and the jury has already settled that issue, a return to arbitration would serve no purpose. It would be a waste of resources to have the Health Claims Arbitration Office start arbitrating the end-stages of a meritorious malpractice suit. Respondent's Motion for Contribution is outside the scope of the Health Care Malpractice Claims Act.

## IV.

In addition to questions properly before this Court, Petitioner interjects a new argument to support his position that the trial court erred in granting Respondent's Motion for Contribution. Petitioner argues that his unrealized indemnity claim, and previously unexplained theory of indemnity, prohibits, by its very existence, Respondent's motion. This issue has not been preserved for appeal, and this Court will not review it beyond the brief statements made above regarding Petitioner's ability to raise indemnity claims in answer to a Motion for Contribution.

In reviewing a decision rendered by the Court of Special Appeals, this Court ordinarily will consider only issues raised in the petition for certiorari or in cross-petition. *County Council v. Offen,* 334 Md. 499, 508, 639 A.2d 1070, 1074 (1994). This Court will ordinarily not decide any point or question that was not plainly tried and decided by the trial court. *Drug Fair v. Smith,* 263 Md. 341, 356, 283 A.2d 392, 400 (1971); *Iozzi v. State,* 224 Md. 42, 46, 166 A.2d 257, 260 (1960); *Davis v. State,* 189 Md. 269, 274, 55 A.2d 702, 704 (1947). Maryland Rule 8–131(b)(1) provides:

(1) *Prior Appellate Decision.*—Unless otherwise provided by the order granting the writ of certiorari, in reviewing a decision rendered by the Court of Special Appeals or by a circuit court acting in an appellate capacity, the Court of Appeals ordinarily will consider only an issue that has been raised in the petition for certiorari or any cross-petition and that has been preserved for review by the Court of Appeals.

As previously noted, Petitioner raises, for the first time, the argument that under Article 50 § 21 [5] a right to indemnity between co-defendants forecloses contribution between them and prevents the application of Rule 2–614. Petitioner now claims a potential right of indemnity, and believes that he is immune to a 2–614 motion. Although Petitioner has used the term "indemnity" occasionally in his prior pleadings, he has not previously raised either the legal argument regarding its preclusive effect on Rule 2–614 or his particular theory regarding his right to indemnity, not even within the petition for certiorari.[6] In general, petitioners are "required to raise

---

**5.** Article 50 § 21 reads as follows:

**Indemnity.**
This subtitle does not impair any right of indemnity under existing law.

**6.** In Petitioner's initial opposition to Respondent's original Motion for Contribution, Petitioner wrote, in the last paragraph,

If Dr. Heeman's Motion is granted, Dr. Lerman will be forced to pay contribution well before he will have the ability to have any claim against Dr. Heeman for indemnity decided, a claim which would, necessarily, have to be brought in Health Claims as an initial matter.

whatever issues they desired to interpose to the motion at or before the time of hearing in the trial court by affidavit or deposition ... [absent that] this question cannot now be raised." *Guerassio v. American Bankers Corp.*, 236 Md. 500, 505, 204 A.2d 568 (1964). Because Petitioner never raised the issue of indemnity at lower levels, he did not preserve it for appellate review. This Court, therefore, will not address the issue of indemnity.

It is undisputed that Petitioner and Respondent were jointly liable for the entire judgment and that the *pro rata* share of each defendant was $1,677,404.28. Respondent, paying more than his *pro rata* share, properly moved for Contribution or Recovery Over from his joint tortfeasor. The conditions to recovery of a money judgment for contribution under Rule 2–614 were satisfied by Respondent.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.*

---

This argument was echoed almost verbatim in Petitioner's brief to the Court of Special Appeals, with an additional statement in the reply brief that the verdict did not decide the issue of co-defender's liability to each other. Finally, in his Petition for Certiorari Petitioner mentions that: Maryland Law recognizes that not all joint tortfeasors are, in fact, liable to each other for contribution, even though they may both be liable jointly and severally to the plaintiff. For example, in *Pyramid Condominium Ass'n v. Morgan*, 606 F.Supp. 592 (D.Md.1985), the court stated that "Maryland law recognizes a right to indemnity where the character of one tortfeasor's conduct is significantly different from that of another who is also liable for the same damages ... If Petitioner was successful on such a theory, Respondent's contribution claim would be defeated, and Respondent would be liable to Petitioner for the $1 million ... notwithstanding that both Petitioner and Respondent are joint tortfeasors."
He goes on to say that he was precluded, by his reliance on Respondent's "neutral" posture in participating in a unified defense, from making his own potential claim for indemnity.