REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2355

September Term, 2012

PRINCE GEORGE'S COUNTY,
MARYLAND

v.

COLUMCILLE BUILDING
CORPORATION

Woodward,
Nazarian,
Kenney, James A., III
       (Retired, Specially Assigned),

JJ.

Opinion by Woodward, J.

Filed: August 29, 2014

As of 2010, Prince George's County ("the County"), appellant, and the Columcille Building Corporation ("Columcille"), appellee, were both defendants in a tort action brought by Donte Guzman in the Circuit Court for Prince George's County. In December 2007, two police officers employed by the County shot Guzman in the parking lot of a building owned by Columcille ("the Columcille Building"). At the time of the shooting, the police officers were working as security guards for an event being held on Columcille's property.

Guzman's action went to trial in 2012. Columcille, and another defendant, the Columcille Building of Oxon Hill ("Oxon Hill"), moved for judgment at the close of Guzman's case. The parties consented to Oxon Hill's motion, but the circuit court denied Columcille's motion. At the conclusion of all of the evidence, the court granted Columcille's renewed motion for judgment, ruling that, as a matter of law, Columcille had no employment relationship with the police officers, and thus could not be liable for their actions. The jury later found the County and the police officers liable to Guzman. The County noted this appeal on January 22, 2013, within thirty days of the final judgment in the Guzman matter.

On appeal, the County does *not* seek review of the judgment against it and in favor of Guzman. Instead, the County wants this Court to review the judgment in favor of Columcille and against Guzman. The County raises one question on appeal, which we have slightly rephrased: Did the trial court err by granting Columcille's motion for judgment where the court decided as a matter of law that an employer-employee relationship did not exist between Columcille and the police officers?

Columcille requests that this Court dismiss the instant appeal on either of two

grounds: (1) the appeal was untimely filed with regards to the judgment in favor of Columcille and against Guzman, or (2) the County has no standing to bring the appeal. For the reasons that follow, we do not reach any of the matters raised by the parties, because we conclude that this appeal must be dismissed as moot.

## BACKGROUND

On September 26, 2007, Columcille and Jamelle Holley entered into an agreement entitled "Columcille Building Corporation Rental Agreement" ("Rental Agreement"). Columcille agreed to rent the Columcille Building and surrounding parking lot to Holley on the evening of December 29, 2007. The Rental Agreement included the following provision regarding security:

> It is understood that [Columcille] determines the requirement for physical security and will arrange for such support during any lease period. An assessment of $125.00 per security officer for 4 hours will be charged. Any other arrangements have to have prior approval of [Columcille's management].

Per the agreement, John Vary, rental manager for Columcille, determined that security would be required for Holley's event.

At some point prior to the December 29 event, Vary spoke to Corporal Jerry Montgomery of the Prince George's County Police Department to arrange for off-duty police officers to work the event. Cpl. Montgomery assigned two Prince George's County police officers—Sergeant Gregory Sanders and Corporal Ashli Tims—to the Holley event. Cpl. Montgomery also suggested that his neighbor, Maryland State Trooper Tracey Freeman,

2

work the event, and Vary agreed. The officers were scheduled to work from 10 p.m. on December 29, 2007 to 2 a.m. the following morning, and were instructed to stay at the Holley event until the "main crowd left."

In the early morning hours of December 30, 2007, as Holley's event was concluding, Sgt. Sanders and Cpl. Tims were informed of an altercation in the parking lot of the Columcille Building. Upon exiting the building into the parking lot, the officers observed a man firing a gun into a parked car and then running away. Both Sgt. Sanders and Cpl. Tims discharged their weapons in the direction of the fleeing shooter. A man collapsed to the ground, who was later identified as Donte Guzman.

On November 5, 2010, Guzman filed a civil complaint in the circuit court against several parties, including the County, Columcille, Oxon Hill, Sgt. Sanders and Cpl. Tims.[1] Guzman alleged that, in and as a result of the December 30, 2007 shooting, Sgt. Sanders and Cpl. Tims committed various common law torts against him. Guzman further alleged that the officers violated his rights under Articles 24 and 26 of the Maryland Declaration of Rights. Finally, Guzman alleged that the County, Columcille, and Oxon Hill were responsible for all of the tortious actions of Sgt. Sanders and Cpl. Tims via *respondeat superior*. The County did not file a cross-claim against Columcille.

Trial began on the merits of Guzman's complaint on August 27, 2012. On August 30,

---

[1] Guzman had been charged in connection to the shooting, but a jury acquitted him on all counts.

3

2012, at the close of Guzman's case, Oxon Hill and Columcille each made a motion for judgment. Oxon Hill's motion was granted by consent of the parties on all counts, but the trial court denied Columcille's motion. The judgment in favor of Oxon Hill was not entered, however, until September 13, 2012 (the "September 13 Judgment"). On September 4, 2012, at the close of the defendants' case, the trial court granted Columcille's renewed motion for judgment, and issued an order in its favor on October 16, 2012. The judgment in favor of Columcille was not entered until November 7, 2012 (the "November 7 Judgment").

On September 6, 2012, the jury returned a verdict in favor of Guzman and against the County, Sgt. Sanders, and Cpl. Tims in the amount of $216,131.05. Judgment was entered on the verdict on September 13, 2012. On September 24, 2012, the County filed motions for judgment notwithstanding the verdict ("JNOV"), a new trial, or in the alternative, remittitur. On December 14, 2012, the trial court denied the County's motions for JNOV and a new trial, but granted the motion for remittitur, reducing the judgment against the County and the officers to $200,000. The order granting remittitur and judgment for Guzman was entered on December 21, 2012 (the "December 21 Judgment").

The County filed the instant appeal on January 22, 2013. Although the County filed a timely appeal within thirty days of the December 21 Judgment,[2] the notice of appeal

---

[2] Under Maryland Rule 8-202(a), the County had thirty days from December 21, 2012 to file its appeal. The thirtieth day was January 20, 2013, which was a Sunday, and January 21, 2013 was a holiday. Thus the County had until Tuesday, January 22, 2013 to note its appeal. *See* Md. Rule 1-203(a)(1).

referenced only "the judgment entered on September 13, 2012." The County attached to the notice of appeal copies of (1) the September 13 Judgment in favor of Oxon Hill, and (2) the December 21 Judgment in favor Guzman (after granting a remittitur to the County). The notice of appeal thus made no reference to the November 7 Judgment in favor of Columcille.

Guzman joined the County in its appeal by filing a "Plaintiff's Order for Appeal" pursuant to Maryland Rule 8-202(e) on February 1, 2013.[3] Like the County, Guzman also noted an appeal of the "Judgment entered in this action on September 13, 2012," without reference to the November 7 Judgment in favor of Columcille. Unlike the County, however, Guzman previously had noted an appeal from the November 7 Judgment in favor of Columcille on November 13, 2012. Guzman then dismissed that appeal on January 11, 2013. Additional facts will be added as needed to support our decision in the instant appeal.

## DISCUSSION

Despite having dismissed his appeal of the November 7 Judgment in favor of Columcille and against him, Guzman filed a brief in this Court entitled, "Reply Brief of Interested Party, Donte Guzman, and Supplemental Extract." In this brief, Guzman argued that, because the County failed to oppose or object to the entry of the November 7 Judgment,

---

[3] Maryland Rule 8-202(e) reads as follows:

> **Appeals by other party — Within ten days.** If one party files a timely notice of appeal, any other party may file a notice of appeal within ten days after the date on which the first notice of appeal was filed or within any longer time otherwise allowed by this Rule.

the County did not preserve the issue that it now raises in the instant appeal. Therefore, Guzman requested that the November 7 Judgment "should be affirmed." In addition, at oral argument before this Court, Guzman's counsel represented that, if this Court should reverse the November 7 Judgment and remand the case for a new trial on Guzman's claims against Columcille, Guzman did not intend to litigate those claims.[4] In light of the representations made by Guzman in his brief and by his counsel at oral argument, along with the procedural posture of the instant case, we conclude that there is no effective relief that this Court can give to the County. Accordingly, we must dismiss the County's appeal as moot. We shall explain.

Maryland Rule 8-602(a)(10)[5] allows this Court, on its own initiative, to dismiss an appeal when the case becomes moot. "Generally, appellate courts do not decide academic or moot questions." *Attorney Gen. v. Anne Arundel Cnty. Sch. Bus Contractors Ass'n*, 286

---

[4] Guzman's counsel acknowledged that, in light of the jury's verdict of $216,131.05, which was remitted to $200,000, it was not practical to pursue another jury trial against Columcille in an effort to recover only $16,131.05.

[5] Maryland Rule 8-602 reads in relevant part:

**Dismissal by Court.**

(a) **Grounds.** On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:

\*\*\*

(10) the case has become moot.

Md. 324, 327 (1979). "A case is moot when there is no longer an existing controversy when the case comes before the Court or *when there is no longer an effective remedy the Court could grant*." *Suter v. Stuckey*, 402 Md. 211, 219 (2007) (emphasis added); *Hayman v. St. Martin's Evangelical Lutheran Church*, 227 Md. 338, 343 (1962) (stating that "the doctrine of mootness applies to a situation in which past facts and occurrences have produced a situation in which, without any future action, any judgment or decree the court might enter would be without effect").

As previously stated, Guzman litigated claims against both the County and Columcille under the theory of *respondeat superior* for the tortious acts of the police officers, and the County did not file a cross-claim against Columcille. Indeed, when Columcille made a motion for judgment at the end of Guzman's case on the ground that Columcille was not, as a matter of law, the employer of the police officers, and renewed that motion at the end of the defendants' case, the County did not object to the granting of the motion, nor did the County make any argument against the motion. The trial court granted Columcille's renewed motion, and the jury thereafter returned a verdict against the County and the police officers.

Given the aforesaid procedural posture of the case, if this Court were to reverse the judgment in favor of Columcille and remand the case for a new trial, the only claims that could be litigated are Guzman's claims against Columcille. Because Guzman has represented to this Court that he will not pursue these claims against Columcille, the trial court would have no choice but to enter judgment in favor of Columcille for lack of evidence

7

of Columcille's liability under a *respondeat superior* theory. The County would have no right to litigate Guzman's claims against Columcille, nor would the County be able to introduce evidence in support of a non-existent cross-claim. Thus a reversal and remand to the trial court would not provide any remedy to the County.

Moreover, the County is not entitled to any relief through a post-trial motion for contribution. Under the Uniform Contribution Among Joint Tort-Feasor's Act ("UCATA"), a right of contribution exists "among joint tort-feasors." Md. Code (2006, 2013 Repl. Vol.) § 3-1402(a) of the Courts and Judicial Proceedings Article (I) ("CP"). The term "joint tort-feasor" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." CP § 3-1401(c). The mechanism for enforcing a joint tort-feasor's right to contribution is provided in Maryland Rule 2-614, which reads:

> If in a single action a judgment is entered jointly against more than one defendant, the court upon motion may enter an appropriate judgment for one of the defendants against another defendant if (a) the moving defendant has discharged the judgment by payment or has paid more than a pro rata share of the judgment and (b) the moving defendant has a right to contribution or to recovery over from the other defendant.

The Court of Appeals has held that a joint tort-feasor is not required to file a cross-claim in the underlying suit in order to assert a contribution claim in a post-trial motion. *Lerman v. Heeman*, 347 Md. 439, 443, 446 (1997). In *Lerman*, a jury had found both Drs. Kerry Heeman and Sheldon Lerman liable in tort, and Dr. Heeman filed a post-trial motion

for contribution. *Id.* at 442. The trial court granted Dr. Heeman's motion and this Court affirmed. *Id.* at 442-43. Dr. Lerman petitioned the Court of Appeals, arguing, *inter alia*, that the trial court "had no authority to enter a judgment for contribution because Dr. Heeman had never filed a cross-claim against Dr. Lerman." *Id.* 442-43. The Court of Appeals disagreed, and held that Dr. Heeman could pursue Dr. Lerman for contribution in a post-trial motion, even though the former had not filed a cross-claim in the underlying action. *Id.* 443. According to the Court, however, the motion succeeded only because "the jury verdict pronounced Lerman and Heeman to be 'joint tort[-]feasors' as defined by the UCATA." *Id.* at 446.

In the instant case, the County cannot pursue a claim of contribution via a post-trial motion in the absence of a cross-claim, because the County does not have a *right* to contribution under UCATA and Rule 2-614. First, the County and Columcille must be "joint tort-feasors" as defined by UCATA and Rule 2-614(b). The trial court determined that, as a matter of law, Columcille was not a joint tort-feasor with the County. There is nothing in the language of UCATA that would permit the County to relitigate the issue of Columcille's liability as part of a post-trial motion for contribution—the trial court already made that determination. *See Max's of Camden Yards v. A.C. Beverage*, 172 Md. App. 139, 151 n.3 (2006) (stating that where a motion for contribution is filed under Rule 2-614, *"the status of the alleged tort[-]feasors was determined before the motion was made*, or in the event of a cross claim, tort[-]feasor status, for purposes of the cross claim as well as the plaintiff's

9

claims, was determined as part of the same proceeding" (emphasis added)).

Second, the right of contribution "is inchoate, however, until one joint tort[-]feasor 'has by payment discharged the *common liability* or has paid more than his pro rata share thereof.'" *Montgomery Cnty. v. Valk Mfg. Co.*, 317 Md. 185, 191 (1989) (quoting Md. Code (1957, 1986 Repl. Vol.), Art. 50 § 17(a)—the statute from which CP § 3-1402 was derived without substantive change). There is no indication in the record that the County has paid any part of the judgment entered against it and in favor of Guzman, much less paying more than its pro rata share.

For the foregoing reasons, the County cannot prevail against Columcille on remand if this Court should grant the County relief by reversing the judgment in favor of Columcille. Without the ability of this Court to provide the County with an effective remedy, the instant appeal is moot and must be dismissed.

**APPEAL DISMISSED; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**