Albert **FORBES**, Plaintiff,

v.

**AMERICAN TOBACCO COMPANY**, a foreign corporation, and **Hydrite Chemical Company**, a domestic corporation, Defendants.

Robert **GIRARD**, Plaintiff,

v.

**AMERICAN TOBACCO COMPANY**, a foreign corporation, and **Hydrite Chemical Company**, a domestic corporation, Defendants.

Nos. 64–C–142, 64–C–143.

United States District Court
E. D. Wisconsin.
June 29, 1965.

Ted Warshafsky and Michael I. Tarnoff, Gerald Dennenberg and Richard Y. Fisher, Milwaukee, Wis., for plaintiffs.

Reginald W. Nelson, Milwaukee, Wis., for defendant, American Tobacco Co.

Norman C. Skogstad, T. L. Tolan, Jr., Milwaukee, Wis., for defendant, Hydrite Chemical Co.

GRUBB, District Judge.

These companion cases are before the court on motions to remand to the Circuit Court of Milwaukee County from which removal was sought, in each case, by both defendants.

In both cases the defendant, American Tobacco Company (hereinafter referred to as "American"), has filed a motion to dismiss the complaints on the ground that there is a misjoinder of claims therein and a motion to drop American as a party on the ground that there is a misjoinder of parties. These motions are brought under Rules 18, 20, and 21, F.R.Civ.P.

The plaintiffs' complaints reveal that, in each case, causes of action have been alleged against the defendant American, a foreign corporation doing business in Wisconsin, for breach of express and implied warranties and, in the alternative, for negligence in manufacture, failure to warn, and misrepresentation. The complaints further show that in each case, causes of action have been alleged against the defendant, Hydrite Chemical Company, a Wisconsin corporation (hereinafter referred to as "Hydrite"), for breach of express and implied warranties and, in the alternative, for negligence in failing to warn and failing to instruct as to the proper use of its product.

Factually, the complaint in the Forbes case alleges that the plaintiff has smoked American's cigarettes regularly over the thirty years preceding the filing of the complaint. The complaint also alleges that the plaintiff worked for Perfex Corporation and, in the course of his employment, during the five years preceding the filing of the complaint, worked with and inhaled the fumes of Muriatic Acid 18°, which was supplied to Perfex Corporation by Hydrite.

In the Girard case the complaint alleges that the plaintiff has smoked American's cigarettes for the twenty-eight years prior to the filing of the complaint. The complaint also alleges that the plaintiff worked for the Perfex Corporation and in the course of his employment, during the thirteen years prior to the filing of the complaint, worked with and inhaled the fumes of Muriatic Acid

18°, which was supplied to Perfex Corporation by Hydrite.

In each case, the alternative causes of action against each defendant allege that as a result of the breaches of warranties or negligence claimed, the plaintiff contracted pulmonary emphysema and suffered related injuries to the heart. The damages sought in the Forbes case are $2,163,000 and in the Girard case $2,420,000.

The question first to be determined is whether the cases come within the purview of 28 U.S.C.A. § 1441(c). That section provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ Under this section, in determining whether or not a separate and independent claim is stated by the complaint, this court looks to that pleading, as it stood at the time of removal, in the light of substantive Wisconsin law. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Edwards v. E. I. du Pont de Nemours & Co., 183 F.2d 165 (5th Cir. 1950).

■ It was decided early in Wisconsin that there cannot be joint and several liability for separate and independent torts even though their results concurred in producing injury. Lull v. The Fox and Wisconsin Improvement Company, 19 Wis. 100 (1865). This case was most recently approved in Caygill v. Thompson, 27 Wis.2d 578, 135 N.W.2d 284 (1965).

■ This rule is the controlling one in these cases. The allegations in the complaints reveal that the claims against American are separate from, and independent of, the claims against Hydrite. These cases, then, may properly be removed to this court.

Once it has been determined that removal is proper, the motions made by American can be considered. Only the motions to dismiss the complaints against American because of a misjoinder of claims need be considered in view of the disposition of these motions.

■ The question of proper joinder of claims is determined by federal law. Finn v. American Fire & Casualty Co., 207 F.2d 113 (5th Cir. 1953), cert. denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954).

Joinder of claims under Rule 18, F.R. Civ.P., is allowed if the requirements of Rule 20, F.R.Civ.P., relating to joinder of parties, are met. Rule 20 permits the joinder of parties if two conditions are fulfilled—the right to relief must arise out of the same transaction, occurrence, or series of transactions or occurrences, and it must involve a common question of law or fact.

In the present cases, the right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences. The alleged breaches of warranties or negligence of American are separate and distinct from the alleged breaches of warranties or negligence of Hydrite. See Stanford v. Tennessee Valley Authority, 18 F.R.D. 152 (M.D.Tenn.1955).

■ The motions of American to dismiss the complaints against it because of a misjoinder of claims will be granted without prejudice.

■ With the granting of these motions, there is no longer diversity of citizenship between the plaintiff in each case and Hydrite. For this reason, the causes of action against Hydrite should be remanded to the Circuit Court of Milwaukee County.

For the foregoing reasons,

It is ordered that the clerk enter a judgment in each case dismissing the complaint against American without prejudice.

It is further ordered that, in each case, the causes of action against Hydrite be remanded to the Circuit Court of Milwaukee County.