CONSTANT J. GEORGES ET UX. *v.* ALBERT DUNCAN ET AL.

[No. 107, September Term, 1972.]

*Decided October 24, 1972.*

The cause was argued before MOYLAN, POWERS and GILBERT, JJ.

*Harry Goldman, Jr.,* with whom was *Harris James George* on the brief, for appellants.

*Ludd R. Farr, Jr.,* for Harry Fox t/a Fox Radiator Service, one of appellees, and *Jeffrey B. Smith,* with whom were *Kenneth C. Lundeen* and *Smith, Somerville & Case* on the brief, for Albert Duncan, other appellee.

MOYLAN, J., delivered the opinion of the Court.

On February 14, 1970, the appellant-plaintiff, Constant J. Georges, was injured when his automobile was struck by another automobile driven by one of the appellee-defendants, Albert Duncan. A little over four months later, on June 22, 1970, Georges was involved in another automobile collision. On that latter occasion, his automobile was struck by a truck owned by the second appellee-defendant, Harry Fox, and driven by an employee of Mr. Fox. Mr. Georges brought joint suit against both defendants, alleging that the bodily injury he sustained "is indivisible, and incapable of apportionment as to the amount" of injury. Mrs. Georges is made a plaintiff because of her derivative claim for damages for loss of consortium and damages for the destruction of her automobile in the collision with Duncan.

Each defendant filed a demurrer on the ground that the two entirely separate causes of action ought not be joined in the same declaration. Both demurrers were sustained, with leave to the plaintiffs to amend their declaration. Plaintiffs then filed the identical declaration,

the only change being the caption, "Amended Declaration." Again the defendants filed demurrers. This time the trial court sustained the demurrers without leave to amend and directed the plaintiffs to file a separate declaration against each defendant.

The plaintiffs rely upon Maryland Rule 313 d 1, which provides:

> "d. *Multiple Joinder.*
>
> 1. Separate Claims—Common Question of Law or Fact.
>
> Separate claims involving different plaintiffs or defendants or both may be joined in one action whenever any substantial question of law or fact common to all the claims will arise in the action or for any other reason the claims may conveniently be disposed of in the same proceeding; the claims joined may be joint, several, or in the alternative, as to plaintiffs or defendants or both."

We hold that the action of Judge Anselm Sodaro in the Baltimore City Court in sustaining the demurrers of the defendants was proper. The fact that both injuries were to the same part of the plaintiff's body, thereby complicating the problem of the medical experts and of the ultimate fact finders in making a proper apportionment, is not a "substantial question of . . . fact common to all the claims" within the contemplation of Maryland Rule 313 d 1. The defendants are independent and not concurrent tort-feasors. Each may be held responsible for that portion of injury caused by his independent negligence.

In *Caygill v. Ipsen,* 27 Wis. 2d 578, 135 N.W.2d 284, the Supreme Court of Wisconsin was faced with the issue of joinder under factual circumstances closely resembling the one at bar. In that case, the plaintiff joined in a single suit the drivers of automobiles which had in-

jured her in rear-end collisions occurring almost five months apart. One defendant demurred on the grounds of improper joinder. The Wisconsin Supreme Court upheld the demurrer:

> "The acts are not substantially concurrent, the events are unrelated, and the accidents took place in different counties. It would appear to be unreasonable under these circumstances to permit the joinder of wrongdoers whose tortious acts were separated by so great a time and distance. The fact that their conduct resulted in indivisible injury to the plaintiff does not under these circumstances result in creation of any relationship between them.
>
> This court has consistently refused to allow the joinder of separate and unrelated torts though their *results* do concur to cause an individual injury to the plaintiff." 135 N.W.2d, at 289.

See also *Fitzwilliams v. O'Shaughnessy,* 40 Wis. 2d 123, 161 N.W.2d 242. Accord, *Sommers v. Korona,* 54 Ill. App. 2d 425, 203 N.E.2d 768.

The three Federal court decisions cited by the appellant, *Lucas v. City of Juneau,* 127 F. Supp. 730 (D.C. Alaska 1955) ; *McNeil v. American Export Lines, et al.,* 166 F. Supp. 427 (D.C. Pa. 1958) ; and *Poster v. Central Gulf Steamship Corp.,* 25 F.R.D. 18 (D.C. Pa. 1960), are not apposite to the situation at bar. In each, joinder was permitted because the first tortfeasor may have been liable not only for the injury caused by his original negligence but also for the injury caused by the negligence of the second tortfeasor.

In the present case, the defendant Duncan could not be held liable for the injuries caused by the alleged negligence of the defendant Fox. Under the circumstances, joinder would not be proper.

*Judgment affirmed; costs to be paid by appellants.*