**<u>REPORTED</u>**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 178

September Term, 2014

DOUGLAS STIDHAM, etc. et al.

v.

R. J. REYNOLDS TOBACCO CO., INC., et al.

Kehoe,
Arthur,
Kenney, James A., III
  (Retired, Specially Assigned),

JJ.

Opinion by Arthur, J.

Filed: August 27, 2015

In *Gress v. ACandS, Inc.*, 150 Md. App. 369, 387-89 (2003), this Court held that a circuit court erred in refusing to permit the joinder of wrongful death claims against asbestos defendants with wrongful death claims against tobacco defendants, where the plaintiffs alleged that their decedent's death had resulted from the synergistic effect of exposure to asbestos fibers and tobacco smoke.

The *Gress* Court recognized that the circuit court had not entered a final, appealable judgment in that case, because it had not adjudicated the claims against the asbestos defendants and had declined to certify its ruling as final under Md. Rule 2-602(b). We reached the merits nonetheless, because we reasoned that we had the authority to enter a final judgment on our own initiative under Md. Rule 8-602(e)(1)(C).

The Court of Appeals reversed our decision in *Gress* on the procedural ground that an appellate court may not enter a final judgment under Rule 8-602(e) when the circuit court has been asked to enter a final judgment under Rule 2-602(b), but has properly exercised its discretion to decline to do so. *Brown & Williamson Tobacco Corp. v. Gress*, 378 Md. 667, 682 (2003). The Court of Appeals did not address whether the circuit court had erred in dismissing the claims against the tobacco defendants.

The substantive issue, of whether a circuit court may refuse to permit the joinder of wrongful death claims against asbestos defendants with wrongful death claims against tobacco defendants, is now before us again. In this case, the plaintiffs, whose claims against the tobacco defendants were dismissed earlier in the litigation, have acquired a final judgment by resolving all pending claims against the asbestos defendants. Ironically, however, the acquisition of the final judgment has rendered the case moot,

because it is impossible to join the cigarette manufacturers with the asbestos defendants now that the plaintiffs have disposed of all claims against the latter class of defendants.

Even though we must dismiss the appeal on the ground that it is moot, the appeal "'presents a recurring matter of public concern which, unless decided, will continue to evade review[.]'" *La Valle v. La Valle*, 432 Md. 343, 352 (2013) (quoting *Office of the Pub. Defender v. State*, 413 Md. 411, 423 (2010)). We feel constrained to address the merits for the guidance of litigants and courts when confronted with a similar issue, and to reaffirm the substantive reasoning of the decision in *Gress*.

### FACTUAL AND PROCEDURAL HISTORY

On January 24, 2008, Jack F. Stidham, a retired electrician, filed a complaint in the Circuit Court for Baltimore City against 38 defendants, most of which had been asbestos manufacturers or distributors. Mr. Stidham contended that he had developed lung cancer because of his exposure to asbestos. He pursued legal theories of strict liability, breach of warranty, and negligence. The circuit court placed his case on the asbestos docket.

Mr. Stidham died on December 3, 2008. Shortly thereafter, in April 2009, Mr. Stidham's son filed an amended complaint, adding himself, his siblings, and his mother as parties to the action. The amended complaint also added several new counts.

On May 1, 2009, the Stidhams filed a second amended complaint. In that complaint, the Stidhams added several tobacco companies as defendants and asserted claims against the tobacco and asbestos defendants, both individually and jointly. The second amended complaint alleged that the tobacco and asbestos defendants failed to warn Mr. Stidham that concurrent exposure to asbestos and tobacco products increased

the dangers that he faced, a concept known as the "synergy" theory. *See Gress*, 150 Md. App. at 375 ("[a]ccording to appellants, because the combination of asbestos exposure and cigarette smoking acted in 'synergy' and multiplied the risk of developing lung cancer, cigarette smokers who were exposed to asbestos had a much greater chance of developing lung cancer and other disease than non-smokers who were exposed solely to asbestos"); *see also Carter v. Wallace & Gale Asbestos Settlement Trust*, 439 Md. 333, 356-57 (2014) ("while there are many variables that go into the causal effects of tobacco and asbestos exposure, there is evidence that the effect is multiplicative in nature").

The Stidhams' amended complaint describes, in great detail, the synergistic effect of concurrent exposure to asbestos and tobacco. Although exposure to each of these carcinogens presents a risk of lung cancer, the Stidhams allege that concurrent exposure exponentially increases the risk. The Stidhams specifically allege that the tobacco defendants had internal, corporate knowledge about the increased risk posed by concurrent exposure to cigarettes and asbestos.

On June 1, 2009, the tobacco defendants moved to dismiss the second amended complaint, arguing that the Stidhams could not properly join the claims against them with the claims against the asbestos defendants. The circuit court granted the motion to dismiss. Though the court did not discuss its reasoning on the record, the parties agree that the court reiterated its 2002 ruling in *Van Daniker v. Owens-Corning Fiberglass Corp.*, Case No. 24-X-97-139541, a case in which the circuit court granted a similar motion to dismiss on grounds of improper joinder. The *Van Daniker* ruling is the ruling that this Court reviewed in *Gress*.

In October 2010, the Stidhams moved to "reinstate" the tobacco defendants. Later, in January 2011, the Stidhams moved to voluntarily dismiss the Wallace and Gale Asbestos Settlement Trust, which they thought was the last asbestos defendant against which they had pending claims. On October 14, 2011, the circuit court issued orders denying the motion for reinstatement and dismissing the Wallace and Gale trust, with prejudice.

Believing that they had a final judgment, the Stidhams appealed. Upon a review of the record, however, this Court identified several pending and unadjudicated claims that the Stidhams had asserted, as well as several pending and unadjudicated cross-claims and third-party claims. This Court dismissed the appeal because of the absence of an appealable, final judgment. *Stidham v. Brown & Williamson Holdings, Inc.*, No. 1922, Sept. Term 2011 (filed Mar. 11, 2013).

The case returned to the circuit court, which ordered all parties to show cause why any claims should remain open for further adjudication. After none of the parties responded, the circuit court filed an order entering a final judgment as to all parties on April 2, 2014. The order recited that the court had dismissed the claims against the tobacco defendants "without prejudice with the right to refile."

The Stidhams took another timely appeal.

-4-

The Stidhams present two questions, which we have rephrased and consolidated as follows: Did the circuit court err or abuse its discretion in granting the tobacco defendants' motion to dismiss on grounds of misjoinder?[1]

The tobacco defendants, on the other hand, have moved to dismiss the appeal. They contend that the circuit court has yet to enter a final judgment, because it gave the Stidhams the "right to refile." They also contend that the case is moot, because it is no longer possible to join the tobacco defendants with the asbestos defendants (the latter having been dismissed).

Although we conclude that the circuit court has entered a final, appealable judgment, we must dismiss the appeal as moot, because we can afford no effective remedy for the dismissal of the tobacco defendants now that all of the asbestos defendants have been dismissed as well. Nonetheless, because the case involves matters of public concern that are capable of repetition, but are difficult if not impossible to review in accordance with the constraints of the final judgment rule, we shall address the merits.

---

[1] The Stidhams phrased their questions as follows:

1.   Did the lower court err in granting the Cigarette Defendants' Motion to Dismiss based on alleged misjoinder with the Stidhams' previously filed claims against the Asbestos Defendants?

2.   Did the lower court err when it denied the Stidhams' Motion for Reinstatement of their claims against the Cigarette Defendants after all claims as to the Asbestos defendants had been fully resolved?

We conclude that the circuit court should not have dismissed the tobacco defendants without first considering possible procedural safeguards under Rule 2-212(b) to prevent embarrassment, delay, expense, or prejudice.

## THE MOTION TO DISMISS

Before discussing the questions presented by the Stidhams in this appeal, we address the tobacco defendants' motions to dismiss.

### A.     Final Judgment

In general, under Maryland law, an appellate court has jurisdiction over an appeal only if the trial court has entered a final judgment.  *See* Md. Code (1974, 2014 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article; *Schuele v. Case Handyman & Remodeling Servs.*, 412 Md. 555, 565 (2010); *Addison v. Lochearn Nursing Home*, 411 Md. 251, 261 (2009).  "A final judgment is an order that 'has the effect of putting [the plaintiff] out of court'" (*Spivery-Jones v. Receivership Estate of Trans Healthcare, Inc.*, 438 Md. 330, 353-54 (2014) (quoting *American Bank Holdings, Inc. v. Kavanagh*, 436 Md. 457, 463 (2013)) and of denying the plaintiff "the means of further prosecuting or defending rights and interests in the subject matter of the proceeding." *Kavanagh*, 436 Md. at 463 (citation omitted).

A judgment may be final and appealable even if the trial court does not adjudicate the merits of the plaintiff's claims.  *See, e.g.*, *Brewster v. Woodhaven Bldg. & Dev., Inc.*, 360 Md. 602, 617 (2000) (order transferring case because of improper venue or forum non conveniens is final judgment because "the party challenging the order is put out of the particular court that grants the order"); *Ferrell v. Benson*, 352 Md. 2, 6-7 (1998)

-6-

(order transferring case from circuit court to district court is final judgment because it puts plaintiff out of circuit court).

In *Moore v. Pomory*, 329 Md. 428, 432 (1993), the Court of Appeals held that a dismissal "without prejudice" was a final, appealable judgment if it did not grant the plaintiff leave to amend. The Court explained that "a dismissal of the plaintiff's entire complaint 'without prejudice' does not mean that the case is still pending in the trial court and that the plaintiff may amend [the] complaint or file an amended complaint in the same action." *Id.* To the contrary, upon a dismissal without prejudice and without leave to amend, "the case is fully terminated in the trial court." *Id.* "The effect of the designation 'without prejudice' is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata." *Id.*

In view of *Moore*, the order in this case did not lack finality merely because it dismissed the claims against the tobacco defendants "without prejudice"; it would lack finality only if it granted the Stidhams leave to amend. Thus, the question becomes whether a dismissal with "the right to refile" equals a dismissal "with leave to amend." It does not.

When the circuit court stated that the Stidhams had "the right to refile," the court plainly did not intend to allow the Stidhams to amend their pleading to address some deficiency in their allegations against the tobacco defendants. The court had already dismissed the tobacco defendants on the basis of improper joinder and had declined to permit the Stidhams to reinstate the claims against them. Consequently, in recognizing a

"right to refile," the court was simply reiterating that res judicata would not bar the Stidhams from filing a new complaint against the tobacco defendants. In this regard, we note that the phrase "without prejudice with the right to refile" comes directly from the *Van Daniker* order, which unquestionably envisioned that the plaintiffs could *not* amend their pleading to assert claims against the tobacco defendants in the pending action, but could only "refile" a completely new lawsuit against the tobacco defendants.

In summary, when the circuit court dismissed the case without prejudice and with leave to refile the claims against the tobacco manufacturers, it put the Stidhams out of court and denied them the means of further prosecuting their claims in that action. In so doing, the court entered an appealable, final judgment. Accordingly, we deny the motion to dismiss on grounds of the absence of appellate jurisdiction.

### B. Mootness

"A case is moot when there is no longer an existing controversy when the case comes before the Court or when there is no longer an effective remedy the court could grant." *Prince George's Cnty. v. Columcille Bldg. Corp.*, 219 Md. App. 19, 26 (2014) (quoting *Suter v. Stuckey*, 402 Md. 211, 219 (2007)). Here, the Stidhams have no effective remedy. Because of the dismissal of all of the asbestos defendants, there are no parties with which the tobacco defendants can be joined. *See Black's Law Dictionary* 853 (8th ed. 2004) (defining "joinder" as "[t]he uniting of parties or claims in a single lawsuit"). Nor can the claims against tobacco defendants be "reinstated," because there is "no case left to which the dismissed defendants could be rejoined or reinstated." *Silbersack v. ACandS, Inc.*, 402 Md. 673, 687 (2008).

Despite our determination that this case is moot, we are nonetheless entitled to reach the merits when a case "'presents a recurring matter of public concern which, unless decided, will continue to evade review[.]'" *La Valle v. La Valle*, 432 Md. 343, 352 (2013) (quoting *Office of the Pub. Defender v. State*, 413 Md. 411, 423 (2010)); *see also Comptroller of the Treasury v. Zorzit*, 221 Md. App. 274, 292 (2015). This, in our view, is such a case.

The issues in this case involve recurring matters of public concern: there are currently 700 pending cases in which plaintiffs have attempted to join claims against tobacco defendants with claims against asbestos defendants. Appellees' Brief at 4-5. The circuit court, however, has required such plaintiffs to bring two separate actions against two classes of joint tortfeasors even though they are alleged to have acted concurrently, to cause a single, indivisible injury that is incapable of apportionment. *Carter*, 439 Md. at 357 (holding that damages for wrongful death from lung cancer allegedly caused by synergistic effect of exposure to asbestos and tobacco were indivisible and incapable of apportionment); *see Gress*, 150 Md. App. at 384-89 (holding that plaintiffs were entitled to join claims against tobacco defendants and asbestos defendants in one action where alleged damages from concurrent exposure were indivisible and could not be apportioned). A categorical bar on joinder might unintentionally have a deleterious effect on the public interest in access to the courts and in the expeditious administration of justice, because requiring completely separate actions in these complex, costly cases threatens to increase the duration and expense of litigation.

*See Gress*, 150 Md. App. at 388 n.10. "A trial court's time is a valuable public commodity that should not be wasted." *Id.* at 382.[2]

These issues have evaded and continue to evade appellate review. A number of plaintiffs, including the Stidhams, have sought appellate review of the *Van Daniker* ruling in five cases, but have failed each time for lack of a final judgment. If the circuit court routinely employs *Van Daniker* to dismiss the claims against tobacco defendants and declines to certify its ruling as a final judgment under Rule 2-602(b), an appellate court cannot certify the ruling as a final judgment and cannot review the merits of the decision. *Brown & Williamson Tobacco Corp. v. Gress*, 378 Md. at 682; *see also Brown & Williamson Tobacco Corp. v. Culbertson*, 387 Md. 501, 502 (2005). Furthermore, except in extraordinary circumstances (which have yet to arise in any reported case), a party may not take a direct appeal from the circuit court's discretionary decision not to certify such a ruling as a final judgment. *Silbersack*, 402 Md. at 687. Indeed, when the plaintiffs ultimately obtain an appealable, final judgment (as the Stidhams have done by dismissing the remaining asbestos defendants), the case automatically becomes moot.

In other words, the Stidhams (and other similarly situated plaintiffs) have no right to appeal from an interlocutory order dismissing claims because of alleged misjoinder

---

[2] The court's ruling also raises difficult practical concerns for litigants. For example, as this Court pointed out in *Gress*, what happens if the asbestos defendants prevail at trial after the court has refused to permit the joinder of the claims against the tobacco defendants? In a subsequent action against the tobacco defendants, does the asbestos judgment collaterally estop the plaintiffs from arguing that concurrent exposure to asbestos and tobacco had a synergistic effect on the development of the cancer? *Gress*, 150 Md. App. at 382 n.8.

because the order is not final. At the same time, however, they have no right to appeal from a final judgment because the final disposition of the claims against the other defendants renders the case moot.

Because a court ruling on a matter of public concern should not be insulated from appellate review in this way, we are persuaded to reach the merits even though the case is moot. *See, e.g., La Valle*, 432 Md. at 353 (considering moot issue of whether court may extend domestic-violence protective order against private party after order has expired); *Armstrong v. Mayor & City Council of Baltimore*, 169 Md. App. 655, 666 (2006) (considering moot issue of whether City Council action would have been subject to judicial review as "zoning action," "so that all interested persons will know what procedural avenue for seeking judicial review is applicable in a given situation"); *see also In re Justin D.*, 357 Md. 431, 444-45 (2000) (in CINA case, considering moot issue of whether court could delegate questions of visitation to Department of Social Services, because "it is common practice for the juvenile court in Montgomery County to enter orders of this kind, so the issue presented by appellants is a recurring and important one," and because "orders of this kind that are appealed will almost always be replaced by subsequent orders before this Court will have the opportunity to review them").[3]

---

[3] In addition to arguing that the judgment is not final and that the issues are moot, the tobacco defendants cite *Brannan v. Wallace & Gale Asbestos Settlement Trust*, 208 Md. App. 164 (2012), for the proposition that the Stidhams cannot pursue claims against other tortfeasors because they have allegedly received full compensation from the asbestos defendants. The short answer to that assertion is that the record currently contains nothing to suggest that the Stidhams have received full compensation.

Rule 2-212(a), concerning permissive joinder of parties, provides, in relevant part, as follows:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

In other words, under Rule 2-212(a), a plaintiff may join multiple defendants who are alleged to be jointly, severally, or alternatively liable to the plaintiff, if "(1) the issues in the litigation arise out of the same transaction, occurrence, or series of transactions, and (2) there is a common question of law or fact with respect to all or part of the action." Paul V. Niemeyer and Linda Schuett, *Maryland Rules Commentary* 143 (3d ed. 2003).[4]

"The joinder rules were enacted 'to remedy the procedural and substantive defects in the law which prevented the resolution in one action of the rights and obligations of all parties whose connection with the case arose out of the same source and occurrence.'" *Gress*, 150 Md. App. at 385 (quoting *Great Atlantic & Pacific Tea Co. v. Royal Crown Bottling Co.*, 243 Md. 280, 287 (1966)). "Joinder of parties, in some cases, simplifies and expedites proceedings, avoids duplicative costs, and eliminates multiple trials." *Gress*, 150 Md. App. at 385. "The purpose behind the joinder of parties rules is 'to simplify and expedite proceedings and to avoid the useless duplication, expense and

---

[4] "Permissive joinder" is to be distinguished from "required joinder" under Rule 2-211. Required joinder defines the parties whom a plaintiff must join if the action is to proceed. Permissive joinder, by contrast, defines the parties whom a plaintiff may (or may not) elect to join.

possible uncertainty of more than one trial.'" *Carter*, 439 Md. at 349 n.7 (2014) (quoting *Allen & Whalen, Inc. v. John C. Grimberg Co.*, 229 Md. 585, 588 (1962)).

If we look to the salient considerations under the plain language of Rule 2-212(a), it is very clear that the tobacco defendants and the asbestos defendants "may be joined in one action as defendants[.]"

First, there can be no serious dispute that the tobacco defendants and the asbestos defendants are alleged to be jointly and severally liable to the Stidhams within the meaning of Rule 2-212(a). In holding that it was inappropriate to apportion the damages for a wrongful death caused by exposure to both asbestos and tobacco, the Court of Appeals recognized that the asbestos defendants and the tobacco defendants were concurrent tortfeasors that were jointly and severally liable for the same, indivisible injury. *See Carter*, 439 Md. at 352-53. Similarly, in *Gress*, 150 Md. App. at 386-87, this Court recognized that the two sets of defendants are concurrent tortfeasors because the plaintiffs "alleged that [the decedent's] exposure to asbestos products and [his] cigarette smoking occurred during the same time period[.]"

Second, the Stidhams claim that Mr. Stidham was "injured by the combined effects of cigarette smoke and exposure to asbestos products." *Gress*, 150 Md. App. at 387. Consequently, for purposes of Rule 2-212(a), the claims against the asbestos defendants "arise out of the same series of occurrences" as the claims against the tobacco defendants. *Gress*, 150 Md. App. at 387.

Third, as in *Gress*, "the case[] at bar involve[s] numerous common questions of law and fact" within the meaning of Rule 2-212(a). Those questions include "(1) the

-13-

question of whether there is scientific merit in appellants' 'synergy' theory, and (2) the question of what all of the appellees knew or should have known about the synergistic effect of cigarette smoking and exposure to asbestos." *Gress*, 150 Md. App. at 387-88. As in *Gress*, the tobacco defendants "do not argue to the contrary." *Id.* at 388.[5]

Finally, "there are important policy reasons for joining the two categories" of defendants. *Gress*, 150 Md. App. at 388. Most notably, "'in the separate suits it is open to each defendant to prove that the other was solely responsible, or responsible for the greater part of the damage, and so defeat or minimize recovery[.]'" *Id.* at 388 n.10 (quoting *Prosser and Keeton on Torts* 327 n.25 (5th ed. 1984)). In addition, "'time and expense are doubled.'" *Id.*

In dismissing the claims against the tobacco defendants, the circuit court did not appear to have engaged in the required analysis under Rule 2-212(a). The court took no express notice of whether the tobacco defendants and the asbestos defendants were alleged to be liable jointly, severally, or alternatively to the Stidhams, and the court did not discuss whether the claims "ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Md. Rule 2-212(a). Nor did the court consider

---

[5] The tobacco defendants assert that *Gress* is "contrary to the Circuit Court's findings of fact in *Van Daniker*." Appellees' Brief at 18 n.5. The *Van Daniker* court, however, heard no evidence and made no "findings." Rather, it made a number of unspecific factual assertions in support of its ruling. In any event, the tobacco defendants do not explain precisely how the *Gress* Court's statements are "contrary" to any specific "findings." They certainly do not explain where the circuit court mentioned, let alone made, any "findings" about the presence of any common questions of law and fact, such as the validity of the synergy theory or the extent of the defendants' knowledge about the synergistic effect of cigarette smoking and exposure to asbestos.

-14-

whether "any question of law or fact common to all defendants w[ould] arise in the action." *Id.* In brief, the court denied joinder without expressly evaluating any of the specific factors that are relevant, under the rule, to the propriety of permissive joinder.

In premising the dismissal on the *Van Daniker* order, the circuit court expressed concern about the practical consequences of joinder. In light of "a unique set of practices and procedures [that] have developed under the asbestos docket," the court forecast that "a joint trial . . . will cause confusion to the jury." It stated its view that those practices and procedures would be "prejudicial" to the tobacco defendants if "they were added now." It also stated that the joinder of the tobacco defendants "would disrupt the orderly procedures that the asbestos docket now has in place."

Although the record lacks specific information about the court's unique practices, about the specific prejudice that those practices might inflict on the tobacco defendants, or about the potential disruption of the asbestos docket that joinder might engender, we do not gainsay the circuit court's concerns. Nonetheless, the permissive joinder rule provides the court with discretion to employ what it calls "safeguards" to address those concerns. Under Rule 2-212(b), "[t]he court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of another [party] who asserts no claim against the party and against whom the party asserts no claim, and may order separate trials or make other orders to prevent delay or prejudice."

To be sure, the language of Rule 2-212(b) is broad enough to include the safeguard of dismissal without prejudice where it may be warranted, but a court should not resort to dismissal as a routine remedy in cases where joinder is otherwise proper. This is

especially so in cases like this one, where the damages are indivisible (*Carter,* 439 Md. at 351, 356-57), and the asbestos defendants have an incentive to limit their own liability by emphasizing the culpability of the tobacco defendants, and vice versa.

Rather than dismissal, the court might first consider such safeguards as establishing different discovery tracks for the different classes of defendants or retaining the short-form pleadings that it has devised for claims involving asbestos defendants. The court might also consider ordering separate proceedings on discrete sub-issues that affect discrete parties, such as the identity of the asbestos-containing products to which the plaintiff was exposed. *See* Niemeyer & Schuett, *Maryland Rules Commentary*, *supra*, 143-44. The court or the parties themselves will undoubtedly have other reasonable suggestions for appropriate safeguards.

Dismissal remains an option, provided that no safeguard can afford adequate protection. In the first instance, however, the court, in the exercise of its discretion, should first endeavor to "tailor an order for the conduct of the litigation" so as prevent embarrassment, delay, expense, or prejudice. *Id.* at 143.[6]

**MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION DENIED; APPEAL DISMISSED AS MOOT; COSTS TO BE EVENLY DIVIDED BETWEEN APPELLANTS AND APPELLEES.**

---

[6] In this case, the tobacco defendants complain that the Stidhams amended the complaint to add them as defendants only a few months before the scheduled trial, without giving them adequate time to conduct discovery and prepare. The belated amendment might have given the circuit court grounds to strike the amended complaint under Md. Rule 2-341(a) had the defendants requested that remedy.